SAGER, APPELLEE, *v.* BREISACH ET AL., APPELLANTS.

(Decided June 20, 1938.)

*Mr. Frank J. McManus,* for appellee.
*Mr. Ralph Emery,* for appellants.

LLOYD, J. Charles M. McDonald died testate on May 28, 1937. Alice Marion McDonald was appointed as executrix of his estate. Among the assets thereof

was a promissory note of $3,850 payable on demand and dated October 29, 1930, the maker thereof being Louis A. Breisach. This note was secured by a mortgage on certain real estate located in Maumee.

On June 17 or 18, 1937, on application of the executrix, the note and mortgage, with the approval of the Probate Court, were distributed in kind to Alice Marion McDonald, who for a valuable consideration "sold, assigned and transferred" them to Edith Sager. The executrix was discharged upon the filing by her of an account designated as final and approved by the Probate Court. Thereafter the administration of the estate was reopened and Alice Marion McDonald having died on November 7, 1937, an administrator *de bonis non* with the will annexed was appointed, the administration of the estate being now pending. An application has been filed in the Probate Court by certain alleged creditors asking that the distribution in kind of the Breisach note and mortgage be vacated and that they be restored to the estate as assets thereof.

On July 10, 1937, Edith Sager commenced an action in the Court of Common Pleas to recover judgment on the note and to foreclose the mortgage securing it. The primary defense of Breisach to the cause of action of Sager is that her petition was prematurely filed in as much as the distribution in kind of the note and mortgage was not made in accordance with the statutory authority governing the same.

The statutes relating thereto are as follows:

Section 10509-181. "An executor or administrator who has paid all the debts of an estate, and has in his possession assets belonging thereto, with the approval of the Probate Court entered on its journal, may pay over or deliver in kind to any beneficiary including executors, trustees, guardians and the surviving spouse, if any, any portion of such assets which such beneficiary is willing to receive, and to the proceeds of

which such beneficiary is entitled. Such distribution in kind, with the approval of the Probate Court, shall be made on the demand of any such beneficiary.''

Section 10509-182. ''When the debts are all paid, except claims in suit and contested, or liabilities not due and payable, or both, such executor or administrator may provide for the payment of such claims and liabilities by setting apart, to the satisfaction of the Probate Court, enough assets for that purpose, and having done so, with the approval of the Probate Court, distribute and pay over to the distributees entitled thereto in cash, or in kind, as provided by law, any part or all of the assets in his hands not set apart as herein provided.''

Section 10509-183. ''Such distributee shall be liable to return such assets, or the proceeds thereof, should they be necessary to pay such claims or liabilities. Except fiduciaries, each such distributee shall give an indemnifying bond to the executor or administrator, to the satisfaction of the Probate Court, to secure such return if required, but such bond may be dispensed with if the time within which creditors' claims are to be filed has expired and the known debts of the estate have been paid. A distribution in kind, in either case, shall have the same force and effect as the distribution of the proceeds of such assets.''

Section 10509-112, General Code, provides in part that: ''Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation.''

From the dates hereinabove given, it is clear that the time within which creditors' claims might have been filed with the executrix had not elapsed when the Probate Court order of distribution in kind was made, nor when the instant action was commenced in the

Court of Common Pleas; nor, it is admitted by counsel, was any indemnifying bond given by the distributee as Section 10509-183, General Code, provides must be done when the time within which creditors' claims may be filed has not expired.

Obviously, since the time within which creditors might file claims against the estate had not elapsed when the distribution in kind was approved by the Probate Court, and the mandatory alternative condition that in such case an indemnifying bond must be given, had not been followed, the distribution in kind was premature and ineffective to transfer to appellee the note and mortgage.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded thereto for further proceedings according to law.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.